NITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRYEL WALTERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:23CV1199 HEA |
| STUPP BROS. BRIDGE & IRON CO., | ) ) ) |
| Defendant. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), [Doc. No. 21]. Plaintiff has not filed an opposition to the Motion. For the reasons set forth below and, in the Motion, and supporting Memorandum, the Motion is granted.

Plaintiff filed his Complaint on September 28, 2023, alleging one count of negligence against Defendant. Plaintiff alleges he was injured on August 2, 2019 at a Stupp facility in Baton Rouge, Louisiana. Plaintiff specifically alleges that a Stupp employee at the Louisiana facility negligently failed to engage a stopper after a large line pipe was displaced, allowing the 8,000-pound pipe to strike Plaintiff and subsequently crush him.

**Legal Standard**

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. When reviewing a Rule 12(b)(6) motion, the Court assumes the allegations in the complaint are true and construes the complaint in Plaintiff's favor. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court is not bound to accept as true, however, a legal conclusion couched as a factual allegation. *Id*. at 555.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations must be sufficient "to raise a right to relief above the speculative level." *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). More than labels and conclusions are required. *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

> A "motion to dismiss may be granted when a claim is barred under a statute of limitations." *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir.2004) (citation omitted) (quotation marks omitted). Under Arkansas law, the statute of limitations for all tort actions "not otherwise limited by law" is three years. O'Mara v. Dykema, 328 Ark. 310, 942 S.W.2d 854, 858 (1997). The limitations period begins to run when the wrong occurs, regardless of when it is discovered. Id.

2

*Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 406 (8th Cir. 2013).

### Discussion

This cause of action occurred at the site of Plaintiff's injury, Louisiana. Under Missouri's borrowing statute, Louisiana's statute of limitations applies.

> A federal court exercising diversity jurisdiction applies the law of the forum when ruling on statutes of limitations. Nettles v. Am. Tel. and Tel. Co., 55 F.3d 1358, 1362 (8th Cir. 1995) (citation omitted). In this forum, statutes of limitations are governed by Missouri law. Id. However, Missouri has adopted a borrowing statute providing that "[w]henever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state." Mo. Rev. Stat. § 516.190. Thus, if a cause of action is time-barred by the statute of limitations of the state in which it originated, it is barred in Missouri as well.

*Krupka v. Stifel Nicolaus & Co.*, No. 4:23-CV-00049-JAR, 2024 WL 340739, at *2 (E.D. Mo. Jan. 30, 2024).

Negligence causes of action under Louisiana law are subject to a one-year statute of limitations. *Reggio v. E.T.I.*, 15 So. 3d 951, 957 (La. 2008) (citing LSA–C.C. art. 3492); *see also Titus v. Wilson*, 186 So. 3d 255, 260 (La. Ct. App. 2016), ("if the allegations create any cause of action, it would be grounded in negligence. That cause of action is prescribed pursuant to the La. C.C. art. 3492 one-year prescriptive period."). "This prescription commences to run from the day injury or damage is sustained." LSA–C.C. art. 3492. Negligence is the only cause of action pled in the Complaint. Therefore, Louisiana's one-year statute of

3

limitations applies. Since the accident occurred on August 2, 2019, Plaintiff had until August 2, 2021, to file his Complaint. Since he did not do so, this action is barred.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 21], is **granted**.

**IT IS FURTHER ORDERED** that this matter is dismissed.

Dated this 28th day of May, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE